# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### LUBBOCK DIVISION

| | |
|---|---|
| **GEORGE STEWART, on behalf of himself and others similarly situated,** | |
| *Plaintiffs*, | |
| **v.** | **Case No. 5:23-CV-00007-H** |
| **TEXAS TECH UNIVERSITY HEALTH SCIENCES CENTER, et al.,** *Defendants*. | |

---

## UNOPPOSED MOTION OF DEFENDANTS THE UNIVERSITY OF TEXAS AT AUSTIN, JAY HARTZELL, CLAUDIA LUCCHINETTI, STEVE SMITH, AND JOEL DABOUB FOR AN EXTENSION OF TIME TO FILE A RESPONSIVE PLEADING AND OPPOSED MOTION FOR TEMPORAY ABATEMENT

---

Defendants The University of Texas at Austin, UT Austin President Jay Hartzell, Dell Medical School Dean Claudia Lucchinetti, Dell Medical School Associate Dean of Student Affairs Steve Smith, and Dell Medical School Director of Admissions Joel Daboub (collectively, "the UT Austin Defendants") hereby move pursuant to Federal Rules of Civil Procedure 6(b)(1)(A) and 7(b)(1) for a 60-day extension of time to file their first responsive pleading and to temporarily abate these proceedings pending the U.S. Supreme Court's decision in two cases involving the consideration of race as a factor in university admissions. Plaintiff, George Stewart, is unopposed to the motion to stay but is opposed to the motion to abate. The Court should grant both motions for the following reasons.

---

**FACTUAL BACKGROUND**

Plaintiff filed his Original Complaint on January 10, 2023, alleging that the defendant institutions unlawfully consider race and sex in their medical school admissions processes. Compl. (Dkt. #1) at 8. That same day, Plaintiff's counsel sent to the attorneys in the Office of General Counsel ("OGC") for the University of Texas System ("UT System") a request seeking a waiver of service of process from each defendant in this lawsuit that is a component institution of the UT System or who is an official of a component institution. Fed. R. Civ. P. 4(d)(1). Each request specified a 30-day deadline to return the waiver request form. Fed. R. Civ. P. 4(d)(1)(F).

The UT Austin Defendants and the other defendants are all state universities or employees of state universities. Compl. (Dkt. #1) at 3-8. On January 12, OGC attorney Ana Vieira Ayala sent via electronic mail to Sean Cowles, Deputy Attorney General for Civil Litigation in the Office of the Attorney General of Texas ("OAG") a letter requesting legal representation for the UT Austin Defendants and the other UT System defendants. Ex. A. Copied on the letter was Kimberly Gdula, a Deputy Chief of OAG's General Litigation Division.

In the following weeks, OGC attorneys (Tamra English and Ana Vieira Ayala) contacted Ms. Gdula numerous times—via phone calls and emails—in an effort to ascertain the status of OGC's request for representation. Mindful of the duty to avoid unnecessary expenses of serving a summons, *see* Fed. R. Civ. P. 4(d)(1), OGC expressed concern that the deadline for returning the waiver-of-service forms was nearing, and that failing to timely return the waiver-of-service forms could result in service of process and assessment of the attendant costs against the defendants. Ms. Gdula indicated that the decisionmakers at the OAG were aware of the circumstances but were still considering the request for representation.

As the deadline for returning the waiver-of-service forms approached, in-house counsel for UT Austin asked Plaintiff's counsel Jonathan Mitchell for an extension of the deadline for returning the waiver-of-service forms. Mr. Mitchell agreed to extend that deadline by 30 days for all of the UT System defendants.

On February 9, 2023, the undersigned counsel returned executed copies of the waiver-of-service forms for the UT Austin Defendants to Mr. Mitchell. Under Fed. R. Civ. P. 4(d)(3), the answer deadline for a defendant who timely returns a waiver-of-service form is 60 days after the request was sent. Because the waiver forms were sent January 10, 2023, by operation of Fed. R. Civ. P. 6(a)(1)(C), the answer deadline for the UT Austin Defendants is Monday, March 13.

On February 14, 2023—more than one month after receiving OGC's request for representation—Mr. Cowles sent Ms. Ayala a letter stating:

Dear Ms. Ayala,

Thank you for your patience as we consider your request for representation and for outside counsel in the above-referenced case.

Our Agency has long taken the position that the central arguments advanced by the plaintiffs here are fundamentally correct: "using race and sex preferences in student admissions [is] a practice that violates the clear and unequivocal text of Title VI and Title IX, as well as the Equal Protection Clause of the Fourteenth Amendment." Complaint at 3.

What's more, this issue is likely to be resolved in a pair of cases argued before the United States Supreme Court in October 2022: Students for Fair Admissions v. Univ. of North Carolina, et al. (No. 21-707) and Students for Fair Admissions v. President & Fellows of Harvard College (No. 20-1199). The Court will issue its decision and opinion sometime this spring. Our Agency has filed amicus briefs in support of petitioners in these cases, which urge the Court to make clear that race-based admissions are abhorrent to the Constitution and the concept of Equal Protection.

For these reasons, we are choosing at this time to withhold a decision on your request for representation and for outside counsel. We advise you that as of the date of this letter, we do not represent you in this litigation, and there is no attorney-client relationship between your institution and the Office of the Attorney General regarding this litigation unless and until we determine to accept your request for representation.

However, we understand that court deadlines are approaching. By this letter, you are authorized to self-represent for the limited purpose of seeking an extension of time to file a responsive pleading, citing this letter as the basis for those requests. We would be happy to provide examples of previously filed motions for extension of time from other cases upon request.

Please contact me with any additional questions.

Sincerely,

Shawn E. Cowles
Deputy Attorney General
For Civil Litigation

A copy of that letter is attached as Exhibit B.

ARGUMENT AND AUTHORITIES

I.   **The Court Should Extend the UT Austin Defendants' Answer Deadline by 60 Days to Give Them Sufficient Time to Obtain Counsel.**

A.   **Good Cause Exists for an Extension Because the OAG Has Neither Provided Representation for the UT Austin Defendants nor Approved Outside Counsel.**

The UT Austin Defendants seek a 60-day extension under Federal Rule of Civil Procedure 6(b)(1) of their March 13, 2023 deadline to file a pleading in response to Plaintiff's Original Complaint. "An application under Rule 6(b)(1) normally will be granted in the absence of bad faith or prejudice to the adverse party." *Koehler v. Dodwell*, No. 99-1776, 2000 WL 709578, at *3 (4th Cir. June 2, 2000) (quoting 4A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1165, at 475 (2d ed. 1987)). The Court has broad discretion to extend non-statutory deadlines imposed under the Federal Rules of Civil Procedure, including the deadline to answer the plaintiff's complaint. And federal district courts, including courts in the Northern District of Texas, will grant extensions of answer deadlines for good cause shown. *See, e.g.*, *Franciscan Alliance, Inc. v. Burwell*, No. 7:16-cv-00108-O, 2017 WL 2964088, at *1 (N.D. Tex. Jan. 24, 2017); *Flores v. Koster*, No. 3:11-CV-0726-M-BH, 2012 WL 6850976, at *2 (N.D. Tex. Dec. 21, 2012), *rec. adopted*, 2013 WL 145885 (N.D. Tex. Jan.

14, 2013); *Hilseweck P'ship v. E. Energy Res., Inc*., No. 3:11-CV-0186-D, 2011 WL 3501719, at *1 & * (N.D. Tex. Aug. 9, 2011); *EMI Apr. Music Inc. v. Know Group, LLC*, No. 3:05-CV-1870-M, 2006 WL 3203276, at *1 (N.D. Tex. Nov. 6, 2006). Good cause for an extension exists in this case because the OAG has neither provided legal representation to the UT Austin Defendants (or any of the other UT System Defendants) nor authorized them to obtain outside counsel.

Under Texas law, "[t]he attorney general shall provide legal services for a state agency for which the attorney general determines those legal services are appropriate and for which the attorney general denies approval for a contract for those services under this subsection." TEX. GOV'T CODE § 402.0212(a). Further, "[e]xcept as authorized by other law, a contract for legal services between an attorney, other than a full-time employee of the agency, and a state agency in the executive department, other than an agency established by the Texas Constitution, must be approved by the attorney general to be valid." *Id.*

UT Austin has a long history of collaboration with the OAG, including the OAG's defense of UT Austin against the claims of Abigail Fisher.[1] However, in this case, the OAG appears to contend that it is the sole authority to approve (and implicitly deny) a contract for legal services for UT Austin when the OAG also withholds its response to a request to provide legal services.

---

1. *See Fisher v. Univ. of Tex. at Austin*, 645 F. Supp. 2d 587, 589 (W.D. Tex. 2009) (UT Austin's attorneys of record composed only of OAG employees), *aff'd*, 631 F.3d 213, 216 (5th Cir. 2011) (case argued by the Texas Solicitor General). Nonetheless, the OAG has declined to represent the UT Austin Defendants here, possibly because of (1) its apparent assumption that Plaintiff's factual allegations concerning Dell Medical are true, and (2) its apparent belief that the legality of past admissions decisions is governed by the anticipated outcome in cases currently pending before the U.S. Supreme Court rather than by existing Supreme Court precedent.

At this time, and for the limited purposes of this motion only, the UT Austin Defendants do not challenge the OAG's claim of authority.[2]

The OAG does, however, authorize UT Austin defendants to "self-represent for the limited purpose of seeking an extension of time to file a responsive pleading." When the UT Austin Defendants later file their answer, they will deny Plaintiff's allegation that race and gender are factors considered in admissions made at UT Austin's Dell Medical School. Notably, Plaintiff's complaint does not describe Dell Medical's admissions process or discuss any of the factors that Dell Medical considers when making admissions. *See* Compl. (Dkt. #1) at 10.

Granting the requested extension of time allows UT Austin Defendants an opportunity to assess their options for securing adequate representation before they respond to the merits of the case, it will also avoid the serious adverse consequences of a potential default judgment awarding public funds for alleged compensatory and punitive damages, costs and attorneys' fees, declaratory and injunctive relief, and appointment of a court monitor for an indefinite period of time.

> **B.  Courts Regularly Extend Answer Deadlines To Give Defendants Time To Secure Legal Representation.**

Difficulties with obtaining counsel is a common justification for extending a defendant's answer deadline. *See, e.g.*, *United States ex rel. Holsey v. Elite Healthcare Enters., Inc.*, No. 1:18-CV-2318-JPB, 2023 WL 1993781, at *1 (N.D. Ga. Feb. 13, 2023) (noting that answer deadline was extended by nearly four months where defendant sought additional time "to seek and retain proper legal representation"); *Cytrynbaum v. John Francis Baxter*, No. 11-21715-CIV-LENARD/O'SULLIVAN, 2012 WL 12865261, at *4 n.7 (S.D. Fla. Aug. 30, 2012) (noting

---

2. Assuming this claim of authority is valid, by declining to issue a decision on the request for representation, the OAG could potentially deny the UT Austin Defendants any litigation counsel whatsoever.

extensions of answer deadline totaling approximately four months); *Super 8 Worldwide, Inc. v. JNR Hotels, LLC*, No. 09-3302-JLL, 2009 WL 4911942, at *4 (D.N.J. Dec. 11, 2009) (granting 30-day "extension of time for all defendants to answer and retain local counsel"); *Carter v. Ozoeneh*, No. 3:08-cv-614, 2009 WL 1383307, at *3 (W.D.N.C. May 14, 2009) (extending defendant's answer deadline by 30 days "so that he may secure representation in this matter"). This problem is particularly acute for governmental officials and other defendants who may be entitled to representation from a state attorney general's office. *See Morehouse v. Vasqus*, No. 17-CV-4836-KMK, 2018 WL 4211320, at *1 n.1 (S.D.N.Y. Sept. 4, 2018) (extending answer deadline for defendant "who is not currently represented by the New York Attorney General's Office"); *Albritton v. Morris*, No. 13-CV-3708, 2016 WL 1267799, at *8 (S.D.N.Y. Mar. 3, 2016) (extending answer deadline "until 30 days after the last-named Defendant had been served and requested representation from the Office of the Attorney General").

Accordingly, courts have extended answer deadlines for defendants in the situation of awaiting a decision from a state attorney general regarding a request for representation. *See Patrick v. N.J. State Prison*, No. 18-17324-FLW, 2023 WL 1420444, at *1 & n.2 (D.N.J. Jan. 31, 2023) (granting 60-day extension where attorney general's office was "engaged in the process of determining representation for the various individual defendants"); *Gough v. Sines*, No. RBD-20-3349, 2022 WL 204639, at *2 (D. Md. Jan. 24, 2022) (noting extension of answer deadline for defendant who had "requested representation from the Office of the Attorney General and was awaiting a determination from that office regarding whether they would represent him"); *Moquin v. Wise*, No. ELH-18-1107, 2020 WL 6263423, at*2 (D. Md. Oct. 22, 2020) (noting grant of 60-day extension when defendant's answer deadline would otherwise expire while "the Office of the Maryland Attorney General was in the process of investigating

whether it would represent him in this suit"); *see also Brown v. New Jersey*, No. 09-434-JBS-AMD, 2009 WL 1411099, at *2 (D.N.J. May 18, 2009) (granting 60-day extension of answer deadline when deputy attorney general was not assigned to represent defendants until after their answer deadline had passed).

In one case, a court even extended the answer deadline of a defendant who did not request representation from her state attorney general until one month after she had been served with the complaint. *See Oxendine-Bey v. Bertie Corr. Inst.*, No. 5:10-CT-3140-FL, 2011 WL 4899693, at *2 (E.D.N.C. Oct. 13, 2011). Here, by contrast, the OGC requested representation from the OAG only two days after the lawsuit was filed. In short, the current situation did not arise due to delay or negligence on the part of the OGC or the UT Austin Defendants.

### C.     Plaintiff Will Not Be Prejudiced by, and Is Unopposed to, a 60-Day Extension of the UT Austin Defendants' Answer Deadline.

In this lawsuit, Plaintiff complains that he was denied admission to six public medical school programs in Texas. Compl. (Dkt. #1) at 9 (¶ 36). On behalf of himself and a putative class of "white and Asian men who stand 'ready and able' to apply for admission to any of these six medical schools," *id.* at 17 (¶ 54), Plaintiff seeks declaratory relief, permanent injunctive relief, and compensatory and punitive damages, *id.* at 23-24 (¶ 86).

Plaintiff will not be materially prejudiced by, and is unopposed to, a 60-day extension of the UT Austin Defendants' answer deadline. To the extent he is seeking damages as a remedy for past decisions denying him admission to Dell Medical Center and the other defendant medical schools, a delay of a few months will not impair his ability to seek that relief. Similarly, a 60-day extension of the UT Austin Defendants' answer deadline will not impair Plaintiff's efforts to obtain forward-looking injunctive relief. Plaintiff does not seek a temporary injunction or a temporary restraining order, and it is extremely unlikely that a final judgment awarding permanent injunctive

relief will issue before admissions decisions are made for the entering class of 2024. (Dell Medical School accepts applications between May 2 and November 1 and conducts applicant interviews from September to February).

## II.    In Addition, or in the Alternative, the Court Should Abate the Proceedings Pending the Outcome of the SFFA Cases in the U.S. Supreme Court.

The UT Austin Defendants further ask the Court to temporarily abate these proceedings pending the U.S. Supreme Court's decision in *Students for Fair Admissions v. University of North Carolina, et al.* (No. 21-707), and *Students for Fair Admissions v. President & Fellows of Harvard College* (No. 20-1199). The Supreme Court granted certiorari in those cases to decide whether the Equal Protection Clause bans public universities, and whether Title VI bans federally-funded universities, from considering race in undergraduate admissions. As noted in Mr. Cowles's letter of February 14, the Supreme Court is expected to issue a decision sometime this spring.

The Supreme Court's decision in the *SFFA* cases is unlikely to affect admissions at Dell Medical School, which does not consider race as a factor in its admissions process. However, to the extent that other medical schools may consider race in their admissions processes, any such consideration would presumably be guided by the Supreme Court's existing precedents in *Grutter v. Bollinger*, 539 U.S. 306 (2003), and *Fisher v. University of Texas at Austin*, 579 U.S. 365 (2016). Plaintiff implicitly concedes as much by stating that he "also brings suit to seek the overruling of *Grutter* and *Fisher.*" Comp. (Dkt. #1) at 19 (¶ 68).

The Supreme Court may or may not overrule *Grutter* and *Fisher* in the pending *SFFA* cases. But either way, the OAG appears to believe the Court's decision is expected to reduce the uncertainty regarding the consideration of race in admissions that has existed since the grant of certiorari in those cases. Accordingly, temporarily abating this lawsuit until after the *SFFA* cases have been decided may be a sensible outcome. Indeed, last July a federal court in the Western

District of Texas granted a joint motion to abate a lawsuit challenging undergraduate admissions practices at UT Austin pending the outcome of the *SFFA* cases. *See* Order Granting Motion to Stay Case, *Students for Fair Admissions, Inc. v. Univ. of Tex. at Austin, et al.*, No. 1:20-cv-00763-RP (W.D. Tex. July 21, 2022); *see also* Joint Motion to Stay Proceedings, *Students for Fair Admissions, Inc. v. Univ. of Tex. at Austin, et al.*, No. 1:20-cv-00763-RP, Dkt. #63, at 4 (July 20, 2022) (asking court to "grant the parties' joint motion and stay this litigation pending the decisions from the Supreme Court of the United States in *Harvard* and *University of North Carolina*"). Plaintiff opposes a temporary abatement pending resolution of the *SFFA* cases.

CONCLUSION

The Court should extend UT Austin Defendants' deadline to respond to Plaintiff's Original Complaint by 60 days, creating a new deadline of Friday, May 12. In the alternative, the Court should temporarily abate the litigation pending a decision from the United States Supreme Court in *Students for Fair Admissions v. Univ. of North Carolina* (No. 21-707) and *Students for Fair Admissions v. President & Fellows of Harvard College* (No. 20-1199), and order that the UT Austin Defendants' deadline to answer Plaintiff's complaint would be no earlier than 30 days after the Court reinstates the case, or another period the Court may deem appropriate.

Dated: March 1, 2023.

                    Respectfully submitted.

                    UNIVERSITY OF TEXAS AT AUSTIN

                    AMANDA COCHRAN-MCCALL
                    Deputy Vice President for Legal Affairs

                    */s/ Joseph D. Hughes*
                    JOSEPH D. HUGHES
                    Associate Vice President for Legal Affairs
                    Texas Bar No. 24007410
                    (512) 475-7716
                    ESTEBAN SOTO
                    Associate Vice President for Legal Affairs
                    Texas Bar No. 24052284
                    2304 Whitis Avenue, Suite 438
                    Austin, Texas 78712
                    jody.hughes@austin.utexas.edu
                    esteban.soto@austin.utexas.edu

                    ***COUNSEL FOR DEFENDANTS***
                    ***THE UNIVERSITY OF TEXAS AT AUSTIN,***
                    ***JAY HARTZELL, CLAUDIA LUCCHINETTI,***
                    ***STEVE SMITH, AND JOEL DABOUB***

## CERTIFICATE OF CONFERENCE

I hereby certify that on February 20 and 27, 2023, I conferred with Plaintiffs' counsel Jonathan Mitchell via email regarding the foregoing motion. Mr. Mitchell stated that he is unopposed to a 60-day extension of the UT Austin defendants' answer deadline but opposes a temporary abatement of the case pending the outcome of the *SFFA* cases. The other defendants are not yet parties because, to my knowledge, they have neither been served nor waived service of process.

                    */s/ Joseph D. Hughes*
                    Joseph D. Hughes

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2023, the foregoing *Unopposed Motion for Extension of Time to File Responsive Pleading and Opposed Motion for Temporary Abatement* was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.


*/s/ Joseph D. Hughes*
Joseph D. Hughes