UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| **George Stewart,**<br><br>  Plaintiff;<br><br>v.<br><br>**Texas Tech University Health Sciences Center, et al.,**<br><br>  Defendants. | Case No. 5:23-cv-0007-H |

**APPENDIX TO THE UNIVERSITY OF TEXAS DEFENDANTS' MOTION TO DISMISS AND BRIEF IN SUPPORT**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| **George Stewart,**<br><br>Plaintiff;<br><br>v.<br><br>**Texas Tech University Health Sciences Center, et al.,**<br><br>Defendants. | Case No. 5:23-cv-0007-H |

**DECLARATION OF PIERRE W. BANKS, ED.D., UNDER 28 U.S.C. § 1746**

1. My name is Pierre W. Banks, Ed.D.

2. I work as the Assistant Dean for Admissions & Recruitment at the University of Texas Medical Branch's (UTMB's) John Sealy School of Medicine, which is a part of the University of Texas System.

3. I am currently the Assistant Dean for Admissions & Recruitment at the medical school and as part of my job's responsibilities I am familiar with the medical school's admissions policies. I have held that position since September 2022. Before that I was the Director of Admissions and Recruitment – I started in that position in February 2021. I have served as an associate member of the admissions committee since I began working at UTMB in 2019. In all these roles, I have been familiar with the medical school's admissions policies.

4. I have reviewed the policy that the plaintiff in this case, George Stewart, attached as Exhibit 2 to his complaint. I am also familiar with Mr. Stewart given his past applications to the medical school in the 2021 and 2022 admissions cycle. Mr. Stewart did not apply to the medical school in the 2023 admissions cycle.

5.  The policy Mr. Stewart attached to his complaint, however, was only drafted after the 2022 admissions cycle; it was not the medical school's admissions policy in 2021 and 2022 admissions cycles when Mr. Stewart applied.

6.  In addition, the policy Mr. Stewart attached to his complaint is no longer in effect.

7.  This August, the University of Texas System's Board of Regents repealed Regents' Rule 40304, which allowed system institutions like the medical school to propose affirmative action programs under certain conditions. Once Regents' Rule 40304 was repealed however, the medical school cannot consider race in admissions and the policy was withdrawn. In other words, race is not a consideration for admissions in the 2024 admissions cycle to the medical school or going forward.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 12, 2023 at Galveston, Texas.

Pierre W. Banks, Ed.D.

EXCERPT FROM THE DRAFT MINUTES OF THE MEETING OF THE BOARD
OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM
AUGUST 23-24, 2023

Below is a Minute Order excerpted from the draft Minutes of the Regents meeting held on August 23-24, 2023, documenting action recommended to the Board and adopted without objection:

3. **U. T. System Board of Regents: Discussion and appropriate action regarding proposed revision to Regents' *Rules and Regulations to amend and retitle* Rule 10701 (Policy Against Discrimination) and take other action to comply with applicable law**

   The Board approved the following recommendation:

   RECOMMENDATION

   It is recommended that the U. T. System Board of Regents take the following actions:

   a) Approve the following revisions to Regents' *Rules and Regulations*, Rule 10701:

   **1. Title**

   ~~Policy Against Discrimination~~ Compliance with Laws Related to Race, Color, National Origin, Ethnicity, Religion, Sex, Age, Veteran Status, or Disability

   **2. Rule and Regulation**

   Sec. 1   To the extent provided by applicable law, no person shall be excluded from participation in, denied the benefits of, or be subject to discrimination under, any program or activity sponsored or conducted by The University of Texas System or any of the institutions, on the basis of race, color, national origin, ethnicity, religion, sex, age, veteran status, or disability.

   Sec. 2   Unless required by federal law or permitted by Texas Education Code Section 51.3525, an institution may not maintain a diversity, equity, and inclusion (DEI) office or engage in other conduct prohibited by Section 51.3525 and must adopt policies and procedures for appropriately disciplining an employee or contractor of the institution who engages in prohibited conduct.

   The Board authorizes the Chancellor to submit required reports to the Texas Legislature and Texas Higher Education Coordinating Board each fiscal year certifying compliance with Section 51.3525, to testify before legislative committees regarding compliance with Section 51.3525, and to take other actions needed to ensure compliance with Section 51.3525.

   b) Authorize the General Counsel to the Board to review existing Regents' Rules and make additional revisions as necessary to comply with Texas Education Code Section 51.3525, other applicable law, and controlling caselaw. This

3

recommendation is based upon the June 29, 2023, United States Supreme Court decision prohibiting the use of race as a factor in student admissions and will formally document the repeal of Regents' Rule 40304 authorizing plans that consider an applicant's race or ethnicity as part of an institution's admissions or financial assistance policies.

## BACKGROUND INFORMATION

In response to discussions during the Texas 88th Legislative Session regarding diversity, equity, and inclusion (DEI) practices and policies at institutions of higher education, the U. T. System Board of Regents took action on February 22, 2023, to pause any new DEI initiatives and review all existing DEI policies. On June 17, 2023, Governor Abbott signed Senate Bill 17, codified as Texas Education Code Section 51.3525, limiting diversity, equity, and inclusion policies and initiatives at public institutions of higher education. The legislation requires the Board to ensure that institutions comply with the new law and adopt policies to appropriately discipline employees or institutional contractors who do not comply. The legislation also contains certain requirements regarding compliance reporting as well as scheduled compliance audits by the State Auditor.

The proposed revisions articulate the Board's commitment to compliance with Section 51.3525 and delegate authority to the Chancellor to take necessary action to ensure compliance on behalf of the Board.

Additional proposed language acknowledges the impact of the United States Supreme Court's June 29, 2023, decision prohibiting the use of an applicant's race as a factor in student admissions and directs the General Counsel to the Board to make changes in other Regents' Rules as necessary to comply with this decision as well as applicable state and federal law. Accordingly, Regents' Rule 40304 allowing plans that consider an applicant's race or ethnicity as part of an institution's admissions or financial assistance policies will be deleted.

These revisions and the underlying legislation have the potential to impact full-time equivalent (FTE) employee counts and budgets upon implementation. The proposed Rules change was reviewed by the institutional presidents and representatives of the Student Advisory Council, the Faculty Advisory Council, and the Employee Advisory Council.

THE STATE OF TEXAS     ( )
                                          ( )
COUNTY OF TRAVIS     ( )

    I, Tina E. Montemayor, Secretary to the Board of Regents of The University of Texas System, do hereby certify that the foregoing is a true and correct excerpt from the draft Minutes of a regular meeting of the Board of Regents held in Austin, Texas, on August 23-24, 2023 at which a majority of the members was present and voted favorably on the motion approving same.

EXECUTED under my hand and the seal of The University of Texas System this the 24th day of August, 2023.

*Tina E. Montemayor*
Tina E. Montemayor
Secretary to the Board of Regents
The University of Texas System

SWORN TO AND SUBSCRIBED BEFORE ME this the 24th day of August, 2023.

[Notary seal: SALENA ELECTRA YZAGUIRRE, Notary Public, State of Texas, Notary ID # 333482-2, My Commission Expires 05-12-2027, NOTARY WITHOUT BOND]

Salena Electra Yzaguirre, Notary Public in and for Travis County, Texas
Commission Expires: 05/12/2027

5

1. **Title**

    Affirmative Action Plans

2. **Rule and Regulation**

    Sec. 1   Authorization to Develop Plans.  Each institution is authorized to develop and propose plans regarding whether to consider an applicant's race and ethnicity, as part of the institution's admissions or financial assistance policies, in accordance with the standards enunciated in the United States Supreme Court cases of *Grutter v. Bollinger* and *Gratz v. Bollinger*. Initial responsibility for developing and proposing such admissions and financial assistance policies may be further delegated within each institution to colleges, departments, or other programs.

    Sec. 2   Inadequacy of Race-Neutral Alternatives.  No institution or program shall propose to consider race or ethnicity unless it finds, after serious and good faith consideration, that race-neutral alternatives are inadequate. This consideration may include the degree of diversity attainable with race-neutral methods and the impact on other academic objectives of exclusive reliance on those race-neutral methods.

    Sec. 3   Development of a Plan.  Any institution or program that proposes to consider race or ethnicity shall develop a written plan. Any such plan must provide for individualized and holistic review of applicant files, in which race and ethnicity are among a broader array of qualifications and characteristics considered. Any such plan must also provide for periodic review of whether, and to what extent, the plan is still needed or needs revisions.

    Sec. 4   Approval of Plan.  Any proposal for admissions or financial assistance policies that considers race and ethnicity among an array of qualifications and characteristics, and any subsequent revisions to such policies, must be reviewed and approved by System Administration's Office of General Counsel, and by the appropriate Executive Vice Chancellor, prior to implementation.

    Sec. 5   Review of Policy.  The Board of Regents shall review the policy expressed herein every five years.

3. **Definitions**

    None

4. **Relevant Federal and State Statutes**

    None

5. **Relevant System Policies, Procedures, and Forms**

    None

6. **Who Should Know**

    Administrators
    Admission Officers
    Students

7. **System Administration Office(s) Responsible for Rule**

    Office of Academic Affairs
    Office of Health Affairs

8. **Dates Approved or Amended**

    Editorial amendment to Sec. 5 made March 3, 2016
    Editorial amendment to Sec. 5 made February 12, 2008
    December 10, 2004

9. **Contact Information**

    Questions or comments regarding this Rule should be directed to:

    - bor@utsystem.edu