UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| GEORGE STEWART,<br><br>     Plaintiff,<br><br>v.<br><br>TEXAS TECH UNIVERSITY HEALTH<br>SCIENCES CENTER, et al.,<br><br>     Defendants. | No. 5:23-CV-007-H |

**ORDER REQUIRING SCHEDULING CONFERENCE
AND REPORT FOR CONTENTS OF SCHEDULING ORDER**

Pursuant to the Civil Justice Expense and Delay Reduction Plan for the Northern District of Texas and Federal Rules of Civil Procedure 16(b) and 26(f), the Court enters this Order to promote possible early settlement and to facilitate entry of a scheduling order. This Order is being sent to all counsel who have appeared. If there are other defendants who have not appeared, but who have been in contact with the plaintiff or plaintiff's counsel, then plaintiff's counsel is responsible for contacting such defendants and making every effort to ensure their meaningful participation in the conference.

1.   **Meeting Requirements**

Lead counsel for each party (or a designee attorney with appropriate authority) shall confer at a scheduling conference as soon as practicable, but in any event no later than October 9, 2023. During the scheduling conference, the parties shall consider (1) the nature and basis for their claims and defenses; (2) the possibilities for a prompt resolution of the case; (3) arrangements for the disclosures required by Fed. R. Civ. P. 26(a)(1); and (4) preparation of the report described below. It is the Court's belief that a face-to-face meeting is likely the most productive type of conference, but the Court will leave to the parties a

determination of the conference's form. As a result of the scheduling conference, counsel shall prepare and submit a Joint Report Regarding Contents of Scheduling Order. The Joint Report shall also include a status report on settlement negotiations but shall not disclose settlement figures.

**2.     Report Requirements**

The Joint Report, which shall be filed on or before October 23, 2023, shall include the following in separate numbered paragraphs, but not in a proposed-order format:

- a. A brief but specific description of the nature of the case and the contentions of the parties, including identifying, as specifically as possible, (i) the key, disputed issues that are raised by each claim or defense; and (ii) the specific relief that each party seeks—such as damages, restitution, and injunctive or declaratory relief—including the amount or form of each type of relief sought and the basis on which the party seeks that relief;

- b. A brief but specific explanation of the basis for this Court's jurisdiction over this action and the parties hereto, including, in any action for which 28 U.S.C. § 1332 is alleged to provide the basis for subject-matter jurisdiction, a specific description of the citizenship of the parties, and a brief but specific description of any challenges to jurisdiction or venue, including, in a case removed from state court, any challenges to procedural or jurisdictional defects in the removal;

- c. A proposed time limit to file motions for leave to join other parties;

- d. A proposed time limit to amend the pleadings;

- e. Proposed time limits to file various types of motions, including dispositive motions. The Court prefers the dispositive-motion deadline to be at least 120 days before trial; the deadline cannot be fewer than 90 days before trial. Absent good cause, the dispositive-motion deadline should come after the deadline to complete discovery;

- f. A proposed time limit for initial designation of experts, and a brief description of the issues the parties expect will require expert testimony;

- g. A proposed time limit for responsive designation of experts;

- h. A proposed time limit for objections to experts (i.e., *Daubert* and similar motions);

i. A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be limited to certain issues, or should initially focus on the subjects and sources that are most clearly proportional to the needs of the case (such as information that is clearly going to be important to the case and is easily obtained) under Rule 26(b);

j. A discussion of what facts can be stipulated and what facts or factual issues are undisputed and can be removed from the scope of discovery to be conducted;

k. What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed;

l. Proposed means for retention, disclosure, and discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI, including the need for any protective order and the form or forms (such as TIF, PDF, or native; with or without metadata; and searchable or not) in which any electronically stored information should be produced and the organization of any production of ESI. *See* Fed. R. Civ. P. 34(b)(2)(E)(i)–(iii);

m. Any proposals regarding the handling and protection of privileged or trial-preparation material that should be reflected in a court order;

n. A proposed trial date, estimated number of days required for trial, and whether a jury has been demanded. Absent exceptional circumstances, the proposed trial date should be no later than 18 months after the date the initial complaint was filed;

o. A proposed date for further settlement negotiations;

p. A statement as to when disclosures under Rule 26(a)(1) were made or will be made, and any objections to initial disclosures under Fed. R. Civ. P. 26(a)(1) asserted at the scheduling conference;

q. Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial;

r. Whether a conference with the Court is desired and what the conference's focus would be; and

s. Any other matters relevant to the status and disposition of this case, including any other orders that should be entered by the Court under Federal Rules of Civil Procedure 16(b), 16(c), and 26(c).

The filing of the Joint Report is mandatory. When submitting proposed dates to the Court, the parties should assume that the Court will enter the scheduling order within approximately one month from the date of the parties' Joint Report. All parties shall endeavor to prepare joint suggestions, but if they cannot agree, the Joint Report shall reflect their respective views. In such a case, the Joint Report shall set forth each party's respective recommendation and a statement of why agreement could not be reached. The names of any lead counsel or lead-counsel designee named in the case who did not participate in the conference shall be identified in the Joint Report.

3.   **Joint Responsibility for Timely Proposal**

Unless plaintiff is unrepresented, lead counsel for plaintiff is responsible for initiating contact with opposing counsel and all unrepresented parties for the purpose of arranging the scheduling conference and preparing the Joint Report. Lead counsel for all parties are equally responsible for ensuring timely compliance with this order. At least one counsel for each party shall sign the Joint Report prior to filing.

Under Federal Rule of Civil Procedure 16(b)(2), the Court "must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Thus, any request for an extension of time to file the Joint Report shall be denied, absent a showing of good cause.

4.   **Scheduling Order**

Unless a scheduling conference with the Court is set, a scheduling order will be issued following the Court's review of the Joint Report. Once the scheduling order issues, a continuance of the trial date will not be granted absent extraordinary circumstances.

**5.    Mandatory Initial Disclosure Requirement**

Initial disclosures must be made no later than 14 days after the Rule 26(f) conference required by this order and must comply with Federal Rule of Civil Procedure 26(a)(1), unless exempted under Rule 26(a)(1)(B). The parties may not, absent Court permission, agree or stipulate to opt out of the initial-disclosure requirement.

*            *            *

The deadlines in this order are for filing or delivery and are not mailing dates. The parties are warned that failing to comply with any part of this order may result in the imposition of sanctions. *See* Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(f).

So ordered on September 25, 2023.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE