UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| **George Stewart,**  Plaintiff; v. **Texas Tech University Health Sciences Center, et al.,**  Defendants. | Case No. 5:23-cv-0007-H |

## UNOPPOSED MOTION TO STAY DISCOVERY AND INITIAL DISCLOSURES PENDING RESOLUTION OF MOTION TO SEVER AND TRANSFER AND MOTIONS TO DISMISS

The UT Defendants respectfully request that the Court stay discovery and Initial Disclosures pending resolution of the UT Defendants' motion to sever and transfer and Defendants' motions to dismiss. The plaintiff and the Texas Tech Defendants are unopposed to the relief requested by this motion.

This motion is for good cause because defendants' pending motions concern crucial threshold issues, such as jurisdiction and venue. The requested continuance will promote efficiency for both the Court and parties, and allow the parties necessary time to evaluate their claims without additional discovery burdens while threshold legal issues are weighed by the Court.

1.   Courts have inherent authority to stay discovery pending resolution of a motion to dismiss. *See Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Degen v. United*

*States*, 517 U.S. 820, 826 (1996) (district courts have "authority to manage discovery in a civil suit").

2. Under the Court's September 25 Order, the parties must confer at a scheduling conference no later than October 9, 2023, and serve mandatory initial disclosures no later than 14 days after the Rule 26(f) conference.

3. On September 12, 2023, UT Defendants and Texas Tech Defendants filed motions to dismiss on multiple grounds, including standing, mootness, immunity, and failure to state a claim under Rule 12. Doc. 35; Doc. 33.

4. UT Defendants also filed a motion to sever and change venue on September 12, 2023, requesting the Court to sever and transfer Stewart's claims against certain defendants to the Western District of Texas. Doc 36.

5. On September 24, 2023, Stewart moved for an extension of time to file a response to the three pending motions filed by Defendants (the UT Defendants' two motions and the Texas Tech Defendants' motion to dismiss). The Court granted Stewart's requested extension on September 25, 2023, setting the deadline to respond to the motions to dismiss and motion to sever and transfer on October 17, 2023, with any replies due by October 31, 2023.

6. On September 25, 2023, the Court entered its Order Requiring Scheduling Conference and Report (the "Order"). Doc. 39. Pursuant to the Order and the Federal Rules of Civil Procedure, the parties are to confer no later than October 9, 2023, and serve initial disclosures no later than 14 days after the Rule 26 conference.

7. UT Defendants request the stay because the current schedule will require the parties and the Court to devote resources to discovery to claims that may not ultimately proceed in this Court. If the Court grants UT Defendants' motion to sever and change venue, Stewart would

pursue his claims against all the UT-related defendants in a different venue. If the court grants the defendants' motions to dismiss, these claims may not proceed at all. Even a partial grant of the motions to dismiss may narrow discovery in this case.

8. Counsel for the parties have already scheduled a conference for October 5, 2023, at 11:00 am to discuss topics raised in the Order and under Rule 26. The conference on October 5, 2023 will go forward and the parties will submit a proposed report as ordered by the Court.

9. The undersigned counsel have conferred regarding this request. Although the plaintiff and the Texas Tech Defendants do not join in this motion, they are unopposed to the relief requested by the UT Defendants.

10. For the foregoing reasons, the UT Defendants respectfully request that the Court enter an order staying discovery and Initial Disclosures until at least three weeks after the pending motions are resolved, in accord with the proposed Order.

Dated: October 2, 2023                    Respectfully submitted,

/s/ Layne E. Kruse
LAYNE E. KRUSE
Texas Bar No. 11742550
SHAUNA JOHNSON CLARK
Texas Bar No. 00790977
ELIOT FIELDING TURNER
Texas Bar No. 24066224
NORTON ROSE FULBRIGHT US LLP
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone: 713-651-5151
Telecopier: 713-651-5246
layne.kruse@nortonrosefulbright.com
shauna.clark@nortonrosefulbright.com
eliot.turner@nortonrosefulbright.com

*Attorneys for the University of Texas Defendants*

## CERTIFICATE OF SERVICE

I certify that on October 2, 2023, I served a copy of this document on all counsel of record by electronic means.

*/s/ Layne E. Kruse*
Layne Kruse

## CERTIFICATE OF CONFERENCE

I certify that on September 29, 2023, I conferred with all counsel about the relief requested in this motion, and confirmed that the Plaintiff and the Texas Tech Defendants are unopposed to the relief requested in the motion.

*/s/ Layne E. Kruse*
Layne Kruse