UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| **George Stewart**, on behalf of himself and others similarly situated,<br><br>              Plaintiff,<br><br>v.<br><br>**Texas Tech University Health Sciences Center**, et al.,<br><br>              Defendants. | Case No. 5:23-cv-00007-H |

## JOINT REPORT REGARDING CONTENTS OF SCHEDULING ORDER

The parties jointly and respectfully submit this report in accordance with Fed. R. Civ. P. 26(f)(2) and the Court's order of September 25, 2023 (ECF No. 39).

1. **A brief but specific description of the nature of the case and the contentions of the parties, including identifying, as specifically as possible, (i) the key, disputed issues that are raised by each claim or defense; and (ii) the specific relief that each party seeks—such as damages, restitution, and injunctive or declaratory relief—including the amount or form of each type of relief sought and the basis on which the party seeks that relief.**

Plaintiff George Stewart has sued as a class representative to enjoin the defendants from using race or sex preferences in medical-school admissions. Mr. Stewart also seeks nominal and compensatory damages against the defendants for discriminating against him on account of race and sex when they rejected his medical-school applications. The amount of those damages has not yet been determined. Stewart is seeking classwide prospective relief, but he is seeking damages only as an individual litigant. The key disputed issues are: (1) Whether an Article III case or controversy exists or

remains after the Supreme Court's ruling in *Students for Fair Admission v. President and Fellows of Harvard College*, 143 S. Ct. 2141 (2023), and certain defendants' responses to that decision; (2) Whether the plaintiff's claims are barred by sovereign immunity, lack of standing, or, in some cases, qualified immunity; and (3) Whether and to what extent the defendants have considered or given weight to the plaintiff's or any other applicant's race or sex in admissions, and whether and to what extent they intend to do so in the future. The parties also dispute whether class certification is appropriate in this case.

2. **A brief but specific explanation of the basis for this Court's jurisdiction over this action and the parties hereto, including, in any action for which 28 U.S.C. § 1332 is alleged to provide the basis for subject-matter jurisdiction, a specific description of the citizenship of the parties, and a brief but specific description of any challenges to jurisdiction or venue, including, in a case removed from state court, any challenges to procedural or jurisdictional defects in the removal.**

The Court's subject-matter jurisdiction rests on 28 U.S.C. § 1331 and 28 U.S.C. § 1343 because this case arises under federal civil-rights law. The parties dispute whether an Article III case or controversy exists based on the doctrines of both standing and mootness. Part of that dispute involves whether an Article III case or controversy exists or remains after the Supreme Court's ruling in *Students for Fair Admission v. President and Fellows of Harvard College*, 143 S. Ct. 2141 (2023), and certain defendants' responses to that decision. The UT Defendants also have moved to dismiss certain claims raised by Stewart as barred by the Eleventh Amendment. Those jurisdictional issues have been briefed and are awaiting this Court's decision.

3. **A proposed time limit to file motions for leave to join other parties.**

The parties propose that the Court set a deadline for joining new parties at 30 days after its ruling on the pending motions to dismiss.

4. **A proposed time limit to amend the pleadings.**

The parties propose that the Court set a deadline for amending the complaint at 30 days after its ruling on the pending motions to dismiss. The parties propose that the Court set a deadline for amending the responsive pleadings at 60 days after its ruling on the pending motions to dismiss.

5. **Proposed time limits to file various types of motions, including dispositive motions. The Court prefers the dispositive-motion deadline to be at least 120 days before trial; the deadline cannot be fewer than 90 days before trial. Absent good cause, the dispositive-motion deadline should come after the deadline to complete discovery.**

The parties propose that the plaintiff's motion for class certification be filed no later than 30 days after this Court's ruling on the pending motions to dismiss.

The parties propose that motions for summary judgment be filed on or before February 24, 2025.

6. **A proposed time limit for initial designation of experts, and a brief description of the issues the parties expect will require expert testimony.**

The parties propose that initial designation of experts occur by September 3, 2024. The parties expect that the data on the defendants' medical-school admissions practices will require expert statistical analysis.

7. **A proposed time limit for responsive designation of experts.**

The parties propose that responsive designation of experts occur by October 15, 2024.

8. **A proposed time limit for objections to experts (i.e., *Daubert* and similar motions).**

The parties propose that *Daubert* motions and objections to experts be filed by February 3, 2025.

9. **A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be limited to certain issues, or should initially focus on the subjects and sources that are most clearly proportional to the needs of the case (such as information that is clearly going to be important to the case and is easily obtained) under Rule 26(b).**

The parties intend to conduct discovery in phases. The parties will first conduct fact discovery, and they anticipate substantially completing fact discovery on September 3, 2024. The parties reasonably anticipate that discovery relevant to class certification will overlap somewhat with merits-based fact discovery, and the parties accordingly intend to begin class-related discovery when the plaintiff files his motion to certify a class and conclude when the defendants file their response to the plaintiff's motion. The parties agree that expert discovery should not begin until fact discovery is substantially complete. Accordingly, the parties intend to begin expert discovery (other than any expert discovery conducted related to class certification) when the plaintiff provides initial expert designations on September 3, 2024. Defendants will designate any experts October 18, 2024, and expert discovery would conclude by January 24, 2025, one month before the parties file their motions for summary judgment on February 24, 2025.

Discovery will be needed on the defendant medical schools' admissions policies and the extent to which the race or sex of an applicant is considered or given weight in the admissions process. The parties intend to have initial discovery focus on those issues. The parties do not intend to limit the scope of discoverable issues beyond the limit imposed by Fed. R. Civ. P. 26(b)(1).

10. **A discussion of what facts can be stipulated and what facts or factual issues are undisputed and can be removed from the scope of discovery to be conducted.**

At this point there are no facts that can be stipulated. The parties will attempt to resolve facts through stipulation to the extent possible after taking discovery.

11. **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

The parties are not proposing or requesting changes to the limits on discovery imposed by the Federal Rules of Civil Procedure or the local rules.

12. **Proposed means for retention, disclosure, and discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI, including the need for any protective order and the form or forms (such as TIF, PDF, or native; with or without metadata; and searchable or not) in which any electronically stored information should be produced and the organization of any production of ESI.** *See* **Fed. R. Civ. P. 34(b)(2)(E)(i)–(iii).**

The parties are discussing an ESI protocol and expect to submit a joint proposal to be approved by the court.

13. **Any proposals regarding the handling and protection of privileged or trial-preparation material that should be reflected in a court order.**

The parties are discussing a confidentiality order to protect personally identifiable information as well as information related to admissions that is protected under state and federal law. The parties also anticipate submitting a Rule 502(d) order to address inadvertent production of privileged information.

14. **A proposed trial date, estimated number of days required for trial, and whether a jury has been demanded. Absent exceptional circumstances, the proposed trial date should be no later than 18 months after the date the initial complaint was filed.**

The parties propose a trial date of June 24, 2025. They estimate that 20 days will be required for trial. The plaintiff is not demanding a jury trial. The parties believe

that the proposed trial date is appropriate under the circumstances, given the need for extensive fact discovery, class-related discovery (and briefing), and expert discovery involving multiple institutional and individual defendants in this case, as well as the fact that the defendants did not initially appear in the case until recently.

15. **A proposed date for further settlement negotiations.**

The parties propose a date of 30 days after this Court's rulings on the motions to dismiss for further settlement negotiations. Pursuant to Section 1 of the Court's order (ECF No. 39), the parties state that they have discussed possibilities of early resolution but that such discussions have not resulted in any agreements to date.

16. **A statement as to when disclosures under Rule 26(a)(1) were made or will be made, and any objections to initial disclosures under Fed. R. Civ. P. 26(a)(1) asserted at the scheduling conference.**

The plaintiff served his initial disclosures on October 8, 2023. The defendants served their initial disclosures on October 19, 2023.

17. **Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial.**

The parties intend to conduct discovery in phases, as described in Section 9 above.

18. **Whether a conference with the Court is desired and what the conference's focus would be.**

The parties do not desire a conference with the Court at this time.

19. **Any other matters relevant to the status and disposition of this case, including any other orders that should be entered by the Court under Federal Rules of Civil Procedure 16(b), 16(c), and 26(c).**

The parties are not requesting that the Court enter orders under Fed. R. Civ. P. 16(b) or 16(c) at this time. As discussed in Sections 12 and 13 above, the parties intend to submit certain discovery orders for the Court's consideration.

Respectfully submitted.

 /s/ Jonathan F. Mitchell
Jonathan F. Mitchell
Texas Bar No. 24075463
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

*Counsel for Plaintiff and Proposed Class*

Dated: October 21, 2023

 /s/ Layne E. Kruse
Layne E. Kruse
Texas Bar No. 11742550
Norton Rose Fulbright LLP
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
(713) 651-5151 (phone)
(713) 651-5246 (fax)
layne.kruse@nortonrosefulbright.com

*Counsel for the UT Defendants*

 /s/ Benjamin S. Walton
Benjamin S. Walton
Texas Bar No. 24075241
Assistant Attorney General
General Litigation Division
Post Office Box 12548
Austin, Texas 78711
(512) 463-2120 (phone)
(512) 320-0667 (fax)
benjamin.walton@oag.texas.gov

*Counsel for the Texas Tech Defendants*

CERTIFICATE OF SERVICE

I certify that on October 21, 2023, I served this document through CM/ECF upon:

Layne E. Kruse
Shauna Johnson Clark
Norton Rose Fulbright LLP
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
(713) 651-5151 (phone)
(713) 651-5246 (fax)
layne.kruse@nortonrosefulbright.com
shauna.clark@nortonrosefulbright.com

*Counsel for the UT Defendants*

Benjamin S. Walton
Assistant Attorney General
General Litigation Division
Post Office Box 12548
Austin, Texas 78711
(512) 463-2120 (phone)
(512) 320-0667 (fax)
benjamin.walton@oag.texas.gov

*Counsel for the Texas Tech Defendants*

                                                /s/ Jonathan F. Mitchell
                                                Jonathan F. Mitchell
                                                *Counsel for Plaintiff and Proposed Class*