UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

GEORGE STEWART,

     Plaintiff,

v.                                                                          No. 5:23-CV-007-H

TEXAS TECH UNIVERSITY HEALTH
SCIENCES CENTER, et al.,

     Defendants.

## ORDER DENYING MOTION FOR TRIAL CONTINUANCE

Before the Court is the defendants' unopposed motion for a modification of the scheduling order and a trial continuance. Dkt. No. 64. The defendants note that the Court recently dismissed, severed, or transferred many of the plaintiff's claims, leaving only the race discrimination claim against Texas Tech University Health Sciences Center. *Id.* at 1. The defendants also explain that counsel for the defendants will be on medical leave from approximately October 10 to December 31 "due to reasons that were unknown in the Fall of 2023." *Id.* at 2. Therefore, the defendants request to extend the discovery and dispositive-motions deadlines and to move the trial date from June 9, 2025 to October 6, 2025. *Id.* at 2–3.

The Court is sympathetic to unopposed requests for continuances due to family or health reasons. Here, however, the Court finds that a continuance of the trial date is not justified. The Court denies the motion for two reasons.

First, the defendants apply the wrong standard in their motion—at least as it applies to the trial date. They argue that a continuance is justified "for good cause and in the interest of justice." *Id.* at 3. While "a showing of good cause" is the general standard to

modify the scheduling order, the Court's Amended Scheduling Order states that "[t]he trial date will not be postponed or continued except on written motion establishing exceptional circumstances." Dkt. No. 63 at 2, 12.  No exceptional circumstances exist here.  The defendants are represented by the Texas Attorney General's Office, a large organization with many capable attorneys.  In contrast to a solo practitioner, the Texas Attorney General's Office has other qualified attorneys to assist and fill in during counsel's temporary absence.

Second, this case has been pending for almost two years.  *See* Dkt. No. 1 (filed January 10, 2023).  Despite other claims being dismissed or transferred, counsel for both sides have had ample time to study the case and prepare for trial.  Additionally, even considering counsel's medical leave, the dispositive-motions deadline is approximately six weeks after that leave ends.  *See* Dkt. No. 63 at 1.  And the trial date is over five months after that leave ends.  *See id*.  The current dates in the Amended Scheduling Order remain reasonable.

Therefore—while not unsympathetic to counsel's request—the Court denies the defendants' motion for an extension of the dispositive-motions deadline and a trial continuance.  Under the scheduling order, the parties remain free to extend the discovery deadline by agreement up to the dispositive-motions deadline (February 7, 2025).  *Id.* at 5–6.  Trial remains set for June 9, 2025, and all other deadlines in the Court's Amended Scheduling Order (Dkt. No. 63) remain unchanged.

So ordered on September 19, 2024.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE