IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| GEORGE STEWART, on behalf of himself and others similarly situated,<br>    *Plaintiff*,<br><br>v.<br><br>TEXAS TECH UNIVERSITY HEALTH SCIENCES CENTER, et al.<br>    *Defendants.* | §§§§§§§§§§§ Civil Action No. 5:23-cv-00007-H |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OPPOSED MOTION TO EXTEND DEADLINES TO SERVE EXPERT DESIGNATIONS AND REPORTS**

TO THE HONORABLE U.S. DISTRICT JUDGE JAMES WESLEY HENDRIX:

Defendants Texas Tech University Health Sciences Center ("TTUHSC"), Lori Rice-Spearman, John C. DeToledo, Felix Morales, Louis Perez, and Monica Galindo (collectively, "Defendants") file this Response to Plaintiff George Stewart's ("Stewart") Opposed Motion to Extend Deadlines to Serve Expert Designations and Reports ("Motion"), and would respectfully show the Court as follows.

## I. Introduction

Almost two months after the deadline, Stewart asks the Court to extend the deadline to designate experts and file expert reports by approximately three months. He bears the burden of demonstrating good cause for the extension and that he missed this deadline due to excusable neglect. His Motion demonstrates neither. There is also no factor unaddressed by the Motion upon which to predicate a ruling

in his favor. Because Stewart cannot meet his required burden, Defendants oppose this Motion and request the Court deny it under Rule 6(b)(1)(B).

## II.     Standard of Review

When an act may or must be done within a specified time, the Court may, for good cause, extend the time, with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or on motion made after the time has expired if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1). Stewart filed his Motion after the deadline to do so. *Compare* (Dkt. #67) (filed October 15, 2024) *with* (Dkt. #52) (first setting August 20, 2024, deadline); (Dkt. #63) (maintaining deadline lapsed two weeks prior). Accordingly, under Rule 6(b), Stewart bears the burden of demonstrating both good cause and excusable neglect. *Hill v. First Tennessee Bank, N.A.*, No. 3:17-CV-1298-L, 2018 WL 2427146, at *1 (N.D. Tex. May 30, 2018).

"The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing an extension." *S&W Enters., L.L.C. v. SouthTrust Bank. of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003) (quotation omitted). In determining whether there is good cause to grant an extension, the Court considers the following non-exclusive factors: "(1) the explanation for the failure to [timely designate and submit a report]; (2) the importance of the [expert] testimony; (3) potential prejudice in allowing the [expert] testimony; and (4) the availability of a continuance to cure such prejudice." *Reliance Ins. Co. v. Louisiana Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997). In addition, there are four non-exclusive factors to the excusable neglect inquiry: (1) "the danger

of prejudice to the [non-movant]," (2) "the length of the delay and its potential impact on the judicial proceedings," (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n.8 (5th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Courts focus on the reason for the delay. *See Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003); *see also Hosp. del Maestro v. NLRB*, 263 F.3d 173, 175 (1st Cir. 2001) ("The four *Pioneer* factors do not carry equal weight; the excuse given for the late filing must have the greatest import.").

### III. Stewart has failed to demonstrate a legitimate reason for not timely designating an expert or filing an expert report.

Stewart asserts he did not prepare an expert report while Defendants' Motions to Dismiss were pending because Counsel "did not know which claims (if any) would survive." (Dkt. #67 at 1). That is not a valid excuse. As the Court noted over one year ago on October 6, 2023, in its ruling denying Defendants' Motion to Stay Discovery, "parties routinely move to dismiss claims, and the Court will not stay the factual development of those cases pending resolution of dismissal motions." (Dkt. #42). Stewart therefore was on notice that the existence of pending Motions to Dismiss was no reason to not act in this case.

Further, even if awaiting a ruling on the Motions to Dismiss were a valid excuse, it would only justify Stewart's failure to file expert designations and reports before the Court's ruling on the Motions to Dismiss on July 17, 2024. *See* (Dkt. #57). It would not excuse Stewart's neglect in filing an expert designation and report

between July 17, 2024, and August 20, 2024—over one month of time in which to file. *Compare* (Dkt. #57) *with* (Dkt. #52). Stewart does not address this period of time in his Motion. *See* (Dkt. #67). Thus, the fact of prior pending Motions to Dismiss fails to constitute any legitimate explanation.

Second, although Stewart represents that the Court in its Amended Scheduling Order filed on September 3, 2024, set the Expert Designations and Reports deadline to a prior date (August 20, 2024), (Dkt. #67 at 1–2), what Stewart obscures with this framing is the fact that the Court first set the August 20, 2024, deadline over *nine months earlier*—in its initial Scheduling Order entered on November 9, 2023. (Dkt. #52). The Amended Scheduling Order simply did not disturb the August 20, 2024, deadline. It had already lapsed. Accordingly, the Amended Scheduling Order is irrelevant to the issue before the Court and fails to establish good cause or excusable neglect.

Third, Stewart appears to present his Amended Complaint—filed on August 17, 2024—as a basis for extending this deadline. (Dkt. #67 at 1–2). As an initial matter, even if he had explained the logic of this argument, the date of the Amended Complaint serves as no justification for the failure to file his expert designations and reports within the three days between the Amended Complaint and the deadline. Moreover, the Amended Complaint is—again—irrelevant. The Court granted Stewart leave to amend the Complaint to cure flaws identified with his sex-based discrimination claims. (Dkt. #57 at 39–40). But the Amended Complaint simply dismissed them. *Compare generally* (Dkt. #1) *with* (Dkt. #60). The Amended

Complaint did not add any new allegations or claims that would for the first time put anyone on notice—especially the Plaintiff—that an expert would be needed in this case. *Id*. Thus, neither the date nor existence of the Amended Complaint provides a rational explanation for not timely designating an expert or filing an expert report. Even if it did, it would not—as with the prior two supposed explanations—explain why Stewart did not file this Motion seeking an extension *before* the deadline. Thus, none of Stewart's explanations hold water, and he has failed to meet his burden of showing good cause and excusable neglect.

### IV. The remaining factors do not justify the lack of a good explanation.

With respect to the remaining factors under the good cause and excusable neglect tests, first, the length of the delay is over one month. (Dkt. #63). And as the Court noted in its ruling denying Defendants' Unopposed Motion for Continuance, "this case has been pending for almost two years." (Dkt. #65 at 2). Second, the Motion does not provide sufficient information for the Court to determine good faith. *See Rashid v. Delta State Univ.*, 306 F.R.D. 530, 534–35 (N.D. Miss. 2015) (denying two-week late motion for extension of time).

Third, similarly, Stewart fails to explain the importance of the expert testimony—and accordingly fails to show this factor weighs in his favor. *See generally* (Dkt. #67). *Presumably*, Stewart seeks to utilize an expert in this case to explain statistics cited in his Complaint. *See* (Dkt. #1 at ¶¶ 38–48); (Dkt. #60 at ¶¶ 15–16). Assuming that is the case, again, Stewart was not blindsided by any new development. To the contrary, he possessed information putting him on notice of the desirability of an expert since the outset of the case. *See* (Dkt. #1 at ¶¶ 38–48).

"The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing an extension." *S&W Enters., L.L.C. v. SouthTrust Bank. of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003) (quotation omitted). As in a similar case recently issued by the Southern District of Texas, Stewart "could have easily designated [an expert] by the deadline set forth in the Docket Control Order." *Newsome v. Int'l Paper Co.*, No. 4:20-CV-01481, 2024 WL 495266, at *6 (S.D. Tex. Feb. 8, 2024), *rep. and rec. adopted*, No. 4:20-CV-01481, 2024 WL 844911 (S.D. Tex. Feb. 28, 2024). "Mere inadvertence on the part of the movant, even when coupled with the absence of prejudice to the non-movant, is insufficient to establish good cause." *Akpan v. United States*, No. H-16-2981, 2017 WL 6527427, at *2 (S.D. Tex. Dec. 21, 2017) (emphasis added). As shown above, Stewart has offered nothing more than mere inadvertence for his failure to designate an expert and file an expert report timely in this case. He has not shown that he could not reasonably meet the deadline despite due diligence.

Finally, though demonstrating prejudice is unnecessary, should Stewart be permitted to designate an expert, Defendants would be required to quickly designate a rebuttal expert and bear the expense of deposing Stewart's expert—*or experts* (it is unknown the number of experts Plaintiff seeks to designate)—by January 7, 2025. Stewart does not request an extension of the January 7, 2025, discovery deadline or the deadline to object to experts, on January 17, 2025. (Dkt. #67 at 2). With the holiday season approaching, scheduling difficulties will be almost guaranteed. Indeed, Stewart asks for the Court to extend the initial expert deadline to November

13, 2024.

TTUHSC will be prejudiced by this additional hurdle as it simultaneously seeks to finish remaining discovery by the January 7, 2025, deadline, as well as prepare a motion for summary judgment in a short period of time with a new attorney. (Dkt. #65, 66). And discovery surrounding the expert(s) and his testimony may warrant additional written discovery that would prove more difficult with a January 7, 2025, discovery deadline.

As for the availability of additional extensions to cure this prejudice, while maintaining these deadlines would necessarily curtail Defendants' time in which to complete expert discovery and file an objection—from approximately five months to two months—further extensions would simply result in the pretrial deadlines running up against the trial date, prejudicing the Defendants by not only the already-increased litigation expenses attributed to the appearance of one or more expert witnesses, but also by almost inevitably delaying the filing of and a ruling on Defendants' planned motion for summary judgment. This delay would also increase the likelihood that Defendants would need to bear expenses for trial preparation *unnecessarily* if it results in the Court granting its motion for summary judgment on the eve of trial. Since the trial date cannot be altered absent exceptional circumstances, (Dkt. #63 at 2, 12), and the situation at hand does not constitute an exceptional circumstance, both the prejudice and additional extension availability factors weigh against granting Stewart's request.

"Scheduling orders and their enforcement are regarded as essential in

ensuring that cases proceed to trial in a just, efficient, and certain manner." *Hernandez v. Mario's Auto Sales, Inc.*, 617 F. Supp. 2d 488, 493 (S.D. Tex. 2009). And "clients must be held accountable for the acts and omissions of their attorneys." *In re Brand*, No. 20-12492-SDM, 2021 WL 2946145, at *3 (Bankr. N.D. Miss. July 13, 2021) (citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 396). Stewart fails to address how the Motion to Dismiss, his Amended Complaint, the Amended Scheduling Order, or any other conceivable reason establishes *both* good cause *and* excusable neglect to extend the August 20, 2024, Initial Expert Designation & Report deadline. And even if he had met his burden under the Federal Rules, the Court still has the discretion to deny the Motion. *McCarty v. Thaler*, 376 F. App'x 442, 443-44 (5th Cir. 2010) (per curiam) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894-98 (1990)).

## V.     Conclusion & Prayer

Because Stewart has not met his burden to demonstrate both good cause and excusable neglect and there is no other factor to justify extending the already-lapsed deadline to designate experts and file expert reports, Defendants respectfully request this Court deny Stewart's Motion and maintain the order and predictability of the Court's current scheduling order.

    Respectfully submitted.

    **KEN PAXTON**
    Attorney General

    **BRENT WEBSTER**
    First Assistant Attorney General

    **RALPH MOLINA**
    Deputy First Assistant Attorney General

**JAMES LLOYD**
Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**
Chief, General Litigation Division

*/s/ Joseph Keeney*
**BENJAMIN S. WALTON**
*Lead Attorney*
Texas Bar No. 24075241
**JOSEPH KEENEY**
Texas Bar No. 24082616
Assistant Attorneys General
General Litigation Division
P.O. Box 12548
Austin, Texas 78711
(512) 463-2120 – Phone
(512) 320-0667 – Fax
benjamin.walton@oag.texas.gov
joseph.keeney@oag.texas.gov

***Counsel for Defendants***

## CERTIFICATE OF SERVICE

    I hereby certify that on October 23, 2024, a true and correct copy of this document was electronically filed using the Court's CM/ECF system, which will send notification of such filing to the following counsel of record:

Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

Gene P. Hamilton
Reed D. Rubinstein
Andrew J. Block
Nicholas R. Barry
America First Legal Foundation
300 Independence Avenue SE
Washington, DC 20003
(202) 964-3721
gene.hamilton@aflegal.org
reed.rubinstein@aflegal.org
andrew.block@aflegal.org
nicholas.barry@aflegal.org

*Counsel for Plaintiff*

                                        */s/ Joseph Keeney*
                                        **JOSEPH KEENEY**
                                        Assistant Attorney General